ORDERED UNSEALED on 07/9/2025    s/ andreasar

**SEALED**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### ARREST ON OUT-OF-DISTRICT OFFENSE

CASE NUMBER:  25-mj-03789

The person charged as ALEXANDER TORRES, now appears before this United States District Court for an initial appearance as a result of the following charge  having been filed in the United States District Court for the Eastern District of California with: Felon in Possession of a Firearm, in violation of 18 U.S.C. Section 922(g)(1).

The charging documents and warrant for the arrest of the defendant which was issued by the above United States District Court are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.


DATED: July 9, 2025

Jesse A. Peterson
Special Agent
Federal Bureau of Investigation

Reviewed and Approved

Dated: July 9, 2025

JACQUELINE M. JIMENEZ
Assistant United States Attorney

AO 442 (Rev. 11/11) Arrest Warrant

**ISSUED**

# UNITED STATES DISTRICT COURT
### for the

Eastern District of California

**SEALED**

United States of America
v.

ALEXANDER TORRES

)
)
)
)
)
)
)

Case No.   **1:25-cr-00073-KES-BAM**

*Defendant*

## ARREST WARRANT

To:    Any authorized law enforcement officer

      **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    ALEXANDER TORRES                                                                 ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

    18 U.S.C. § 922(g)(1) - Felon in possession of a Firearm

Date:    04/10/2025                                          _Sheila K. Oberto_
                                                      *Issuing officer's signature*

City and state:    Fresno, CA                         United States Magistrate Judge, Sheila K. Oberto
                                                          *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____. |

Date: _____                         _____
                                                         *Arresting officer's signature*

                                                         *Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only
and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____

Known aliases: _____

Last known residence: _____

Prior addresses to which defendant/offender may still have ties: _____

Last known employment: _____

Last known telephone numbers: _____

Place of birth: _____

Date of birth: _____

Social Security number: _____

Height: _____    Weight: _____

Sex: _____    Race: _____

Hair: _____    Eyes: _____

Scars, tattoos, other distinguishing marks: _____

History of violence, weapons, drug use: _____

Known family, friends, and other associates *(name, relation, address, phone number)*: _____

FBI number: _____

Complete description of auto: _____

Investigative agency and address: _____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: _____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____

1  MICHELE BECKWITH
   Acting United States Attorney
2  JEFFREY A. SPIVAK
   ARELIS M. CLEMENTE
3  Assistant United States Attorneys
   2500 Tulare Street, Suite 4401
4  Fresno, CA 93721
   Telephone: (559) 497-4000
5  Facsimile:  (559) 497-4099

6
   Attorneys for Plaintiff
7  United States of America

**FILED**

Apr 10, 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# SEALED

8

IN THE UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            CASE NO.   **1:25-cr-00073-KES-BAM**

12                     Plaintiff,        18 U.S.C. § 922(g)(1) – Felon in Possession of a
                                         Firearm; 18 U.S.C. § 924(d)(1) and 28 U.S.C. §
13                     v.                2461(c) – Criminal Forfeiture

14  ALEXANDER TORRES,

15                     Defendant.

16

17                              I N D I C T M E N T

18

19  COUNT ONE:  [18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm]

20       The Grand Jury charges: T H A T

21                              ALEXANDER TORRES,

22

23  defendant herein, on or about October 7, 2024, in the County of Kern, State and Eastern District of

24  California, knowing that he had been convicted of a crime punishable by a term of imprisonment

25  exceeding one year, specifically:

26       Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of
         California, County of Los Angeles, on or about November 14, 2006;
27

28       Possession of Controlled Substances for Sale, in violation of California Health and Safety Code

INDICTMENT                              1

1   Section 11378, in the Superior Court for the State of California, County of Los Angeles, on or
2   about December 7, 2015;

3   Felon in Possession of a Firearm, in violation of California Penal Code Section 29800, in the
    Superior Court for the State of California, County of Kern, on or about November 14, 2020;
4

5   did knowingly possess a firearm which had been transported in interstate and foreign commerce,

6   specifically: one Anderson Manufacturing Inc., AR-15 style rifle, with serial number 14165325,

7   manufactured by Anderson Manufacturing Inc. in Kentucky, said firearm having been shipped and

8   transported in interstate commerce; all in violation of Title 18, United States Code, Section 922(g)(1).

9   FORFEITURE ALLEGATION: [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

10      1.      Upon conviction of the offense alleged in Count One of this Indictment, defendant

11  ALEXANDER TORRES shall forfeit to the United States pursuant to Title 18, United States Code,

12  Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition

13  involved in or used in the knowing commission of the offense.

14      2.      If any property subject to forfeiture, as a result of the offense alleged in Count One of this

15  Indictment, for which defendant is convicted:

16          a.      cannot be located upon the exercise of due diligence;

17          b.      has been transferred or sold to, or deposited with, a third party;

18          c.      has been placed beyond the jurisdiction of the Court;

19          d.      has been substantially diminished in value; or

20          e.      has been commingled with other property which cannot be divided without
21                  difficulty;

22  it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

INDICTMENT                          2

1   incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of

2   defendant, up to the value of the property subject to forfeiture.

3

4                                           A TRUE BILL.

5                                              /s/ Signature on file w/AUSA

6                                           _____

7                                           FOREPERSON

8   MICHELE BECKWITH
    Acting United States Attorney

9      KIMBERLY A. SANCHEZ

10  KIMBERLY A. SANCHEZ
    Assistant United States Attorney

11  Chief, Fresno Office

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT                          3

No. _ _ _ _ _ _ _ _ _ _  **1:25-cr-00073-KES-BAM**

FILED

Apr 10, 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# SEALED

## UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA

*vs.*

### ALEXANDER TORRES,

### I N D I C T M E N T

**VIOLATION(S):**   18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*

/s/

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                        *Foreman.*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day*

*of*   _ _ _ _ _ _ _ _ _ _ _ _ _ *, A.D. 20* _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                        *Clerk.*

*Bail, $* _ _ PLEASE ISSUE NO-BAIL WARRANT _ _

GPO 863 525

AO 257 (CAED rev. 4/2024)

**Matter in USAO prior to Feb. 7, 2024 (KES conflict)** ☐ YES ☑ NO

PER 18 U.S.C. 3170

---

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION –– IN U.S. DISTRICT COURT

BY ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING: CASE No.

Name of District Court, and/or Judge/Magistrate Judge Location (City)
EASTERN DISTRICT OF CALIFORNIA, FRESNO

**OFFENSE CHARGED**

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

**DEFENDANT – – U.S. vs.**

▶ ALEXANDER TORRES

Address

Place of offense
KERN COUNTY

U.S.C. Citation
Please see indictment documents

Birth Date
☑ Male    ☐ Alien
☐ Female    (if applicable)
(Optional unless a juvenile)

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

FBI SA CHRIS CHASE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per FRCrP ☐ 20 ☐ 21 ☐ 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a pending case involving this same defendant

SHOW DOCKET NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

MAGISTRATE JUDGE CASE NO.
▶ 5:25-mj-00026

**DEFENDANT**

**IS *NOT* IN CUSTODY**
1) ☑ Has not been arrested, pending outcome of this proceeding
    If not detained, give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges    ☐ Fed'l ☐ State
    If answer to (6) is "Yes," show name of institution

Has detainer been filed?    ☐ Yes    If "Yes," give date filed
    ☐ No
    Mo.    Day    Year

**DATE OF ARREST** ▶

Or . . . if Arresting Agency & Warrant were not Federal
    Mo.    Day    Year

**DATE TRANSFERRED TO U.S. CUSTODY** ▷

Name and Office of Person Furnishing Information on THIS FORM
STACEY MEDINA
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)
JEFFREY SPIVAK
☑ FORFEITURE ALLEGATION

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PLEASE ISSUE NO-BAIL WARRANT

## United States v. TORRES
### Penalties for Indictment

### COUNT 1:

VIOLATION:              18 U.S.C. § 922(g)(1) - Felon in possession of a Firearm

PENALTIES:              Maximum of 15 years in prison,
                        Fine of up to $250,000; or both fine and imprisonment
                        Up to a three-year term of supervised release

SPECIAL ASSESSMENT:     $100 (mandatory)

### FORFEITURE ALLEGATION:

VIOLATION:       18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) - Criminal Forfeiture

PENALTIES:       As stated in the charging document

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

# SEALED

|  |  |
|---|---|
| United States of America | ) |
| v. | ) |
| Alexander Torres | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |

Case No. 5:25-mj-00025-CDB

*Defendant(s)*

## CRIMINAL COMPLAINT BY RELIABLE ELECTRONIC OR TELEPHONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____October 7, 2024_____ in the county of _____Kern_____ in the

_____Eastern_____ District of _____California_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | Felon in Possession of Firearm |
|  | Maximum Penalties: |
|  | 15 years' imprisonment |
|  | $250,000 fine |
|  | 3 years supervised release |
|  | $100 special assessment |

This criminal complaint is based on these facts:

See attached affidavit of SA Christopher Chase.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Christopher Chase, Special Agent
_____
*Printed name and title*

Attested to by the applicant in accordance
with the requirements of Fed. R. Crim. P.
4.1 by telephone

Date: _____March 14, 2025_____

_____
*Judge's signature*

Hon. Christopher D. Baker, US Magistrate Judge
_____
*Printed name and title*

City and state: _____Bakersfield, California_____

**AFFIDAVIT**

I, Christopher Chase, being first duly sworn, hereby depose and state as follows:

## I.   PURPOSE OF AFFIDAVIT

1.    This affidavit is made in support of a criminal complaint and arrest warrant against ALEXANDER TORRES ("TORRES") for a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

2.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

## I.   TRAINING AND EXPERIENCE OF THE AFFIANT

1.    I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been so employed since December of 2021.

2.    I am currently assigned to the Sacramento Division, Bakersfield Resident Agency (BRA). While at the BRA, I have been assigned to the white-collar squad. In the course of my duties as an FBI Special Agent, I have received training regarding, but not limited to, illegal possession of firearms and ammunition; as well as other federal offenses involving firearms, the possession of firearms by prohibited persons and/or members of criminal street gangs and the illicit distribution and possession of controlled substances by various individuals. I have also learned about these practices through discussions with other experienced law enforcement personnel, including conversations with agents of the Alcohol, Tobacco and Firearm (ATF) assigned to conducting federal firearm and ammunition related investigations and FBI agents and state/local law enforcement officers assigned to conducting investigations involving firearms, ammunition, felons, and violent street gangs.

1

1

## II.    PROBABLE CAUSE

2      3.      On or about October 7, 2024, Ridgecrest Police Department (RPD) Officer
3    Andrew Solorzano was working uniformed patrol in a fully marked RPD patrol vehicle. Officer
4    Solorzano was dispatched to 733 W. Moyer Avenue, Ridgecrest, CA in the State and Eastern
5    District of California in reference to a vehicle break-in, after RPD received an anonymous report
6    stating that a white male adult and a Hispanic male adult were observed going through a
7    neighbor's vehicle who was not currently home. It was reported that one of the individuals was
8    observed walking towards a white truck parked in the street before returning back to the
9    neighbor's vehicle.

10      4.      Another RPD officer, Officer James Quiroz, arrived at 733 W. Moyer Avenue and
11    attempted to locate the reported subjects and vehicle. Officer Quiroz located a silver Chevrolet
12    Silverado with both of its doors open and unoccupied inside the driveway. Officer Quiroz
13    located a white Chevrolet Silverado parked in the street in front of 737 W. Moyer Avenue with
14    no license plates affixed to it. While attempting to locate the vehicle identification number (VIN)
15    on the white Chevrolet Silverado ("the vehicle"), Officer Quiroz observed a black AR15 rifle in
16    the driver's seat area and a glass pipe with a bulbous end containing a white powdery substance
17    on top of the center console. Below is a picture of the AR15 rifle inside the vehicle:

18
19
20
21
22    
23
24
25
26
27
28

2

5.      RPD officers secured the firearm and glass pipe for officer safety. The AR15 had 30-round high capacity magazine inserted into the weapon, the safety selector switch was set to the "fire" position, and one round was chambered in the upper receiver. A record check on the firearm's serial number (14165325) was confirmed to have no record on file and was unregistered. RPD officers located two California license plates bearing 89835S3 inside the vehicle. A record check of the license plate number identified the registered owner as "Mariella Galaviz" (sic) out California City, California[1]. RPD officers located a wallet containing TORRES' California issued driver's license inside the center console of the vehicle. Additionally, vehicle documents, court documents, and a clotrimazole prescription box all showing the name Alexander Torres were located inside the glove compartment of the vehicle.

6.      RPD Sgt. Lloyd arrived on scene and located shoe prints from the vehicle in the dirt leading to the rear of the location.  At this time, Sgt. Lloyd began to track and follow the shoe prints in an attempt to locate any possible suspects.  Sgt. Lloyd located shoe prints in the dirt alleyway that lead westbound away from the location.

///

///

///

///

///

///

///

///

///

///

///

---

[1] I reviewed the registration for California license plate 89835S3. The vehicle was a 2023 Chevrolet registered to Mariela Galaviz, 10783 Jeremy Drive, California City, California.

3

1        7.     Later, RPD officers observed two males matching the initial subject descriptions

2    walking towards the vehicle. RPD officers detained the two individuals and identified them as

3    TORRES and Daniel Lee ("Lee"). Sgt. Lloyd, who had been tracking the shoe prints found near

4    the vehicle and in the surrounding neighborhood, later examined TORRES's shoes and saw that

5    they were consistent with the shoe prints he had been tracking:

6
7
8
9
10
11
12     
13
14
15        8.     Officer Solorzano read Lee his Miranda rights.  Lee stated the white Chevrolet

16    Silverado was not his vehicle. Lee stated that he was the passenger of the vehicle and that

17    TORRES was the driver. Lee stated that he was contacted by TORRES and asked to assist him in

18    moving the diesel truck located inside the driveway of 733 W. Moyer Avenue. Lee admitted to

19    seeing the AR15 rifle inside the driver's side area of the vehicle and stated he was unaware of it

20    until he arrived. Lee told Officer Solorzano that he had smoked methamphetamine a few hours

21    prior.

22        9.     Officer Solorzano read TORRES his Miranda rights, after which TORRES stated

23    that he did not know what was going on and the white Chevrolet Silverado was not his. When

24    asked about his driver's license and wallet being located inside the vehicle, TORRES stated that

25    someone had stolen it. TORRES stated that he had gotten a ride to Ridgecrest and did not know

26    how his wallet got into the vehicle.

27
28

1    10.    Officers arrested both Lee and TORRES.

2    11.    RPD officers booked all seized evidence items, including, but not limited to:

3          a)    1 (one) black Anderson AR15 rifle (Serial Number: 14165325)

4          b)    1 (one) black AR15 magazine which contained 5.56 ammunition

5          c)    1 (one) glass pipe with bulbous end containing white powdery substance

6          d)    29 (twenty-nine) rounds of 223/556 ammunition

7          e)    16 (sixteen) rounds of 5.7 ammunition

8    12.    Officer Solorzano dusted the vehicle for latent prints and photographed the

9    fingerprints he observed. Officer Solorzano noted the following latent prints:

10          a)    1. Driver door under window frame possible finger prints

11          b)    2. Driver door crack possible finger print

12          c)    3. Driver door next tot (sic) door handle possible finger prints

13          d)    4. Driver door frame possible finger prints

14          e)    5. Driver door handle possible finger print

15    13.    On September 9, 2024, I interviewed Marliela Galaviz ("Galaviz") at her

16    residence located at 10783 Jeremy Drive, California City, California. During the interview

17    Galaviz stated that TORRES was her husband and had left the family residence and not returned

18    after becoming strung out on drugs. Galaviz stated that TORRES was driving a white 2023

19    Chevrolet Silverado with side steps and a black sticker on the rear left window that was

20    registered to her.[2]

21    14.    On October 9, 2024, ATF Special Agent Beau Jacobson was provided with

22    photographs of the AR15 rifle and the ammunition located inside the vehicle. On October 11,

23    2024, Special Agent Jacobsen stated that the firearm and ammunition located in the vehicle were

24    manufactured outside of California.

25    ///

26    _____

[2] Photographs of the vehicle taken by RPD at the time of TORRES' arrest do not show a
27    black sticker on the rear window of the vehicle; however, the vehicle did have sidesteps and was
registered to Galaviz.

28

5

15.     I reviewed a Kern County Sheriff's Office Crime Scene Investigations (CSI) Examination Report dated October 22, 2024, provided by the Ridgecrest Police Department. CSI compared the latent prints received from Officer Solorzano against Kern County Sheriff's Office's fingerprint and palm print card for TORRES, and concluded the following:

a)     One latent print on lifter #1 labeled "DVR Door[3]/Under Window" was made by the right palm of TORRES.

b)     One latent print on lifter #2 labeled "DVR Door/Door Crack" was made by the right palm of TORRES.

c)     One latent print on lifter #3 labeled "DVR Door/Near Handle" was made by the left index finger of TORRES.



16.     TORRES may not lawfully possess firearms or ammunition because he has sustained multiple convictions for offenses punishable by imprisonment for more than one year, including:

a)     2006, convicted of California Penal Code Section 211 – Robbery. Sentenced to two years prison. (Los Angeles County);

b)     2015, convicted of California Health and Safety Code Section 11378 – Possess Control Substance For Sale. Sentenced to 32 months prison. (Long Beach,

---

[3] "DVR Door" references the driver's door of the vehicle.

6

1   California); and

2          c)      2019, pled nolo contendere to California Penal Code Section 29800 (A)(1)

3   – Possession Of Firearm By A Felon. Sentenced to six years prison, fine. (Kern County).

4       17.      TORRES was aware of his felony convictions. I reviewed the transcript for the

5   2019 conviction for Possession Of Firearm By A Felon (Kern County Case No. MF01316A).

6   TORRES was present in Court, was advised of the maximum penalties for the offense, and was

7   subsequently sentenced to six years prison.

8                          **III.     CONCLUSION**

9       18.      For all the reasons above, there is probable cause to believe that Alexander

10  TORRES committed a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

11                                  Respectfully submitted,

12

13                                  Christopher Chase
                                    Special Agent
14                                  Federal Bureau of Investigation

15

16

17  Subscribed and sworn to before me via email/telephone
18  pursuant to Fed. R. Crim. P. 4.1 on:   March 14, 2025

19

20  Hon. Christopher D. Baker
    U.S. MAGISTRATE JUDGE
21

22

23  /s/ Jeffrey A. Spivak
24  Approved as to form by AUSA JEFFREY A. SPIVAK

25

26

27

28

                                    7